IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V.,<br><br>          Plaintiff<br><br>v.<br><br>THALES DIS AIS USA, LLC, THALES DIS AIS DEUTSCHLAND GMBH, THALES USA, INC., THALES S.A., CALAMP CORP., XIRGO TECHNOLOGIES, LLC, and LAIRD CONNECTIVITY, INC.,<br><br>          Defendants. | C.A. No.:  20-01713 (CFC) |

**PHILIPS' RESPONSE TO THALES', CALAMP'S, XIRGO'S AND LAIRD'S NOTICE OF FINAL RESOLUTION IN RELATED ITC CASE**

Pursuant to the Court's order dated August 20, 2021 (D.I. 103), the Court ordered that "[t]he parties" shall notify the Court when the ITC proceedings have been resolved.  However, Defendants Thales DIS AIS USA, LLC, Thales DIS AIS Deutschland GmbH, Thales USA, Inc. (collectively, "Thales"), CalAmp Corp. ("CalAmp"), Xirgo Technologies, LLC ("Xirgo"), and Laird Connectivity, Inc. ("Laird") failed to reach out to Plaintiff Koninklijke Philips N.V. ("Philips") about contacting the Court and instead unilaterally filed their Notice of Final Resolution in Related ITC Case (the "Notice") (D.I. 108).  This was improper, and thus Philips respectfully provides this response.

1

Defendants' notice contains a number of important omissions and inaccuracies. First, Defendants failed to mention in their Notice that ITC determinations are not binding on this Court. *See, e.g.*, *Tandon Corp. v. U.S.I.T.C.*, 831 F.2d 1017, 1018 (Fed. Cir. 1987) ("'The Commission's findings neither purport to be, nor can they be, regarded as binding interpretations of the U.S. patent laws in particular factual contexts. Therefore, it seems clear that any disposition of a Commission action by a Federal Court should not have a res judicata or collateral estoppel effect in cases before such courts.'" (quoting S. Rep. No. 1298, 93d Cong., 2d Sess. 196, reprinted in 1974 U.S. Code Cong. & Admin. News 7186, 7329)). Indeed, the ITC records are transferred to the district court in cases that have been stayed, such as this one, so that the cases may proceed. *See* 19 C.F.R. 210.39(b); *see also, e.g., United Video Properties, Inc. v. Haier Group Corp.*, No. 11-1140 (KAJ), 2014 WL 12774922, at *6, *15 (D. Del. May 16, 2014) (holding that certain terms were not indefinite, which was the opposite conclusion of the ITC in an ITC investigation that was not appealed by the plaintiff).

Second, Defendants have listed certain of the determinations of the ITC, but selectively failed to include other determinations in the ITC investigation. For example, the ALJ also determined that none of the '935, '711, '943 and '271 patents were invalid under 35 U.S.C. § 101 (*Certain UMTS and LTE Cellular Communication Modules and Products Containing the Same*, Inv. No. 337-TA-

2

1240, Final Initial Det. (April 1, 2022; Pub. Vers. Apr. 27, 2022) ("FID") at 89-94, 166-69, 237-40), that the asserted claims of the '935 patent were not invalid under 35 U.S.C. § 102 or § 103 based on the asserted prior art (*id.* at 99-121), that the asserted claims of the '711 patent were not invalid under 35 U.S.C. § 102 or § 103 based on the asserted prior art (*id.* at 191-94), that the asserted claims of the '271 patent were not invalid under 35 U.S.C. § 102 or § 103 based on the asserted prior art (*id.* at 256-66), that the asserted claims of the '935 patent were not invalid based on indefiniteness (*id.* at 95-97), that claim 12 of the '711 patent was not invalid based on indefiniteness (*id.* at 171), that the asserted claims of the '935 patent were not invalid based on alleged lack of written description (*id.* at 97-99), and that the asserted claims of the '711 patent were not invalid based on alleged back of written description (*id.* at 171-72). The Commission did not address those ALJ determinations in the Commission Determination. *See Certain UMTS and LTE Cellular Communication Modules and Products Containing the Same*, Inv. No. 337-TA-1240, Comm'n Det. (July 7, 2022) ("Comm'n Det."). The ALJ also held that the asserted patents were not invalid under the theory of implied license (FID at 284-85), and that the asserted patents were not invalid under the theory of equitable estoppel (*id.* at 286-87). The Commission determined to review those determinations and took no position on those issues. *See* Comm'n Det. at 3.

Furthermore, the ALJ found that all of the licensing offers that Philips made

to Thales (and Telit and Quectel) were fair, reasonable and non-discriminatory ("FRAND").  *See Certain UMTS and LTE Cellular Communication Modules and Products Containing the Same*, Inv. No. 337-TA-1240, Rec. Deter. on Remedy and Bonding (Apr. 15, 2022), at 28-30 ("[T]he evidence shows that Philips's offers to Telit, Thales and Quectel were all within a FRAND range.").  The Commission did not address those findings of the ALJ.

Consequently, while Defendants are correct to state that "the parallel ITC investigation is fully resolved" (D.I. 108 at 2), they are incorrect in asserting that the resolution was fully "in the defendants' favor" (*id.*).

In view of the resolution of the ITC investigation, Philips respectfully requests that, after reopening the case, the Court schedule a Rule 16 conference so that the parties may discuss and prepare a joint proposed scheduling order.

<table>
<tr><td>

Of Counsel:

Eley O. Thompson
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
(312) 832-4359
ethompson@foley.com

Kevin M. Littman
Lucas I. Silva
FOLEY & LARDNER LLP
111 Huntington Avenue
Suite 2500
Boston, MA 02199-7610
(617) 342-4000
klittman@foley.com
lsilva@foley.com

Dated: October 26, 2022

</td><td>

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert M. Vrana*

Adam W. Poff (No. 3990)
Robert M. Vrana (No. 5666)
Alexis N. Stombaugh (No. 6702)
1000 N. King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
rvrana@ycst.com
astombaugh@ycst.com

*Attorneys for Plaintiff Koninklijke Philips N.V.*

</td></tr>
</table>

29836884.1

## CERTIFICATE OF SERVICE

I, Robert M. Vrana, hereby certify that on October 26, 2022, I caused the foregoing document to be served via electronic mail upon the following counsel:

>Brian P. Egan, Esquire
>Travis J. Murray, Esquire
>Morris, Nichols, Arsht & Tunnell
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE  19899
>*began@morrisnichols.com*
>*tmurray@morrisnichols.com*
>
>*Attorneys for Defendants Thales DIS AIS USA LLC, Thales DIS AIS Deutschland GmbH, Thales USA, Inc., and Thales S.A.*
>
>Michael L. Keeley, Esquire
>Axinn, Veltrop & Harkrider LLP
>1901 L. Street NW
>Washington, DC 20036
>*mkelley@axinn.com*
>
>Jeannine Yoo Sano, Esquire
>Eric Krause, Esquire
>AXINN, VELTROP & HARKRIDER LLP
>560 Mission Street
>San Francisco, CA 94105
>*jsano@axinn.com*
>*ekrause@axinn.com*
>
>Thomas K. Hedemann
>AXINN, VELTROP & HARKRIDER LLP
>90 State House Square
>Hartford, CT 06103
>*thedemann@axinn.com*

27587980.1

*Attorneys for Thales DIS AIS USA, LLC and Thales DIS AIS Deutschland GmbH*

Chad S.C. Stover, Esquire
Barnes & Thornburg LLP
1000 N. West Street, Suite 1500
Wilmington, DE  19801
*chad.stover@btlaw.com*

*Attorney for CalAmp Corp.*

Kenneth L. Dorsney, Esquire
Cortlan S. Hitch, Esquire
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
*kdorsney@morrisjames.com*
*chitch@morrisjames.com*

*Attorneys for Xirgo Technologies, LLP*

John C. Phillips, Jr., Esquire
Megan C. Haney, Esquire
Phillips, McLaughlin & Hall, P.A.
1200 North Broom Street
Wilmington, DE 19806
*jcp@pmhdelaw.com*
*mch@pmhdelaw.com*

Rudolph A. Telscher, Jr., Esquire
Daisy Manning, Esquire
Husch Blackwell LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
*rudy.telscher@huschblackwell.com*
*daisy.manning@huschblackwell.com*

*Attorney for Defendant Laird Connectivity, Inc.*

|  |  |
|---|---|
| Dated:  October 26, 2022 | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Robert M. Vrana*<br>Adam W. Poff (No. 3990)<br>Robert M. Vrana (No. 5666)<br>Alexis N. Stombaugh (No. 6702)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>(302) 571-6600<br>*apoff@ycst.com*<br>*rvrana@ycst.com*<br>*astombaugh@ycst.com*<br><br>*Attorneys for Plaintiff* |