

WILMINGTON
RODNEY SQUARE

NEW YORK
ROCKEFELLER CENTER

**Robert M. Vrana**
P 302.571.6726
F 302.576.3741
rvrana@ycst.com

December 22, 2022

The Honorable Colm F. Connolly
United States District Court
for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re: *Koninklijke Philips N.V. v. Thales DIS AIS USA LLC, et al.*,
C.A. No. 20-1713-CFC

Dear Judge Connolly:

We write on behalf of the Plaintiff Koninklijke Philips, N.V. ("Philips") further to notices filed by the parties in the above case on October 21, 2022 (D.I. 108) and October 26, 2022 (D.I.109), to respectfully request a status conference at the Court's convenience to address the case management issues described below.

On August 21, 2021, the Court stayed the present case pursuant to 28 U.S.C. § 1659, which provides that a party to a civil action that is also a respondent in an investigation before the United States International Trade Commission may request a stay in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, and that such stay will continue until the determination of the Commission becomes final.  *See* D.I. 103 (ordering the case stayed "pending resolution of the co-pending ITC investigation").  As explained in the parties' notices, The ITC investigation involving the patents in this case has concluded.  *See* D.I. 108, 109.

Because the basis for the stay no longer exists, Philips contacted counsel for defendant Thales on November 11, 2022 in an effort to agree upon a discovery schedule to be submitted to the Court. Thales' counsel was not available to meet and confer for more than a month, so Philips sent a proposed schedule to Thales on December 7, 2022, and the parties finally met and conferred on December 14.  During that meet and confer, Thales' counsel appeared to contend that a stay remains in place, but did not articulate any basis for a continued stay that relates to 28

Young Conaway Stargatt & Taylor, LLP
The Honorable Colm F. Connolly
December 22, 2022
Page 2

U.S.C. § 1659 and conceded that Thales never actually moved to stay the case.[1] In particular, Thales did not dispute that the ITC investigation has concluded, and its notice filed with the Court on October 21, 2022 is entitled "Notice of Final Resolution in Related ITC Case." D.I. 108 at 1. Therefore, because the parties agree that the ITC investigation concluded months ago, Philips respectfully submits that there is no basis for a continued stay pursuant to 28 U.S.C. to § 1659, and that stay has ended. Nevertheless, to the extent that the Court thinks a formal motion to lift the stay is necessary, Philips would be happy to submit such a motion.

Philips has informed Thales, both in writing and during the meet and confer process, that Philips believes that the most efficient next step in the present case would be for the Court to set a schedule toward resolving Count V of Philips' Complaint (as well as Counts VII and VIII-IX in related case 20-cv-01709 also involving Philips and Thales), which asks the Court to declare that Philips' offers to Thales for a worldwide license to its cellular communications standard essential patent portfolio were FRAND if Thales provides a sworn affidavit stating that it would sign a license at the FRAND rates and terms. *See* D.I. 1 ¶ 211. Thales has previously stated to the Court through sworn affidavits of Mr. Antonitsch (D.I. 19, 24), through Thales' motion for a preliminary injunction (D.I. 21), and on appeal to the Court of Appeals for the Federal Circuit (Hr'g Tr., dated May 21, 2021, at 87-89), that it will execute and abide by a worldwide license to Philips' portfolio of patents that are declared essential on FRAND terms. Thus, Philips believes that the resolution of that limited issue would be the most efficient next step, as it appears that such resolution will result in a license agreement covering Philips world-wide cellular communications patent portfolio (including the patents asserted in both cases) on FRAND terms. However, Thales now appears to contend that the case should be stayed and, therefore, Philips respectfully requests that the Court set a status conference in order to determine the proper manner in which this case should proceed.[2]

Respectfully submitted,

*/s/ Robert M. Vrana*

Robert M. Vrana (No. 5666)

cc:   All Counsel of Record (via electronic mail)

---

[1] Other defendants did seek a stay (*see* D.I. 13, 100), and the proposed schedule that Philips sent to Thales provided for only the case against Thales to move forward.

[2] During the meet and confer process, Thales declined to join this request, but indicated that it might be willing to make a joint request for a status conference in January of 2023.