# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 FAX

**Jack B. Blumenfeld**
(302) 351-9291
(302) 425-3012 FAX
jblumenfeld@morrisnichols.com

December 30, 2022

The Honorable Colm F. Connolly                 *VIA ELECTRONIC FILIING*
U.S. District Court
   for the District of Delaware
844 North King Street
Wilmington, DE 19801

     Re:   *Koninklijke Philips N.V. v. Thales DIS AIS USA, et al.*
           C.A. No. 20-1713 (CFC)

Dear Chief Judge Connolly:

     We represent Telit IoT Solutions, Inc. and Telit Communications LTD, defendants in C.A. Nos. 20-1708-CFC and 20-1711-CFC, which are related to the above-referenced case. We write in response to the December 22, 2022 letter from plaintiff Koninklijke Philips N.V. (D.I. 110) and the response from defendants Thales DIS AIS USA LLC, et al. (D.I. 111).

     As background, the four patents asserted against Thales in the -1713 action have been litigated in the ITC. The Administrative Law Judge determined that none of the four patents was infringed, that three of the four were invalid, and that all four were unenforceable due to Philips' failure to comply with ETSI (European Telecommunications Standards Institute) Rules, and controlling caselaw, that require disclosure of supposedly standard essential intellectual property rights ("IPR") before the standard is adopted. Those same four patents have also been asserted against Telit in C.A. No. 20-1711. Philips has also asserted six other patents against both Thales (C.A. No. 20-1709) and Telit (C.A. No. 20-1708).

     Earlier this year, Telit and Philips submitted competing proposals on how best to resolve the six-patent case against Telit. (C.A. No. 1708, D.I. Nos. 68 and 69).

The Honorable Colm F. Connolly
December 30, 2022
Page 2

As Philips is now doing in the Thales cases, it urged the Court to try the complicated FRAND issues first because of some perceived efficiency.[1]  Telit, on the other hand, proposed litigating the issue of patent unenforceability first because the same fact pattern exists regarding the six patents as existed with the four patents litigated in the ITC (and also asserted against both Thales and Telit ).  In short, Philips actively participated in standards setting meetings, the named inventors of the asserted patents made several technical submissions that were adopted as wireless standards, and Philips now claims that those standards infringe.  However, Philips waited years after Philips made its technical submissions, and long after the standards were adopted, before it informed ETSI of its alleged IPR. Those are the same patents that are now being asserted here.

The Court accepted Telit's proposal to try unenforceability first and to defer the FRAND issues.  (C.A. No. 1708, May 26, 2022 transcript at 4).  Now, Philips seeks to avoid the unenforceability issue in the Thales case, asking the Court to adjudicate FRAND issues for four patents that have already been held unenforceable, not infringed, and invalid in the ITC.

Moreover, as Philips knows, Thales' DIS AIS USA LLC is being acquired by Telit IoT Solutions Holding Ltd., a UK company, and the ultimate parent of defendants Telit IoT Solutions, Inc. and Telit Communications, LTD.  (Closing is expected to occur tomorrow.) Thus, Philips seeks to litigate the FRAND issues first, against what will be Telit entity -- after this Court rejected the same proposal Philips made seven months ago, in the Telit action.

In any event, Telit agrees with the position set forth in Thales' letter, that given the Court's determination, the most reasonable approach is for the parties and the Court to address any remaining FRAND-related issues *after* the conclusion of the ongoing patent unenforceability proceeding in C.A. No. 20-1708, between Philips and the Telit defendants -- and only if necessary, i.e., *if* the patents survive the unenforceability determination.

If the six patents are held unenforceable in the Telit -1708 case, that holding, combined with the ALJ's holding that the four other Philips patents are unenforceable, for virtually identical reasons (i.e., Philips' deliberate late disclosure

---

[1]  Had Philips been interested in a prompt resolution of the FRAND issue, or some judicial or party efficiency, as it now claims, it did not have to file a duplicative suit in the ITC, which caused the Delaware litigations to be stayed.

The Honorable Colm F. Connolly
December 30, 2022
Page 3

of the IPR to ETSI), strongly weighs in favor of waiting to address any FRAND-related issues until unenforceability is resolved. There would, of course, be no reason to determine a FRAND rate for patents found to be unenforceable. Accordingly, we urge the Court to defer any litigation on the FRAND issues until the conclusion of the unenforceability portion of C.A. No. 20-1708 case against Telit.

      We are available at the Court's convenience to discuss the most efficient way forward on these cases.

Respectfully,

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)

JBB/bac

cc:    Clerk of the Court (via hand delivery)
        All Counsel of Record (via electronic mail)