

**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

**Robert M. Vrana**
P 302.571.6726
rvrana@ycst.com

February 17, 2023

<u>**VIA CM/ECF**</u>

The Honorable Colm F. Connolly
United States District Court
for the District of Delaware
844 N. King Street
Wilmington, DE 19801

      Re:    Koninklijke Philips, N.V. v. Thales DIS AIS USA, LLC, *et al.*
               Case Nos. 20-1713-CFC & 20-1709-CFC

Dear Chief Judge Connolly:

      We write on behalf of Plaintiff Koninklijke Philips, N.V. ("Philips") further to letters sent to Your Honor by the parties in December of 2022 regarding the setting of a status conference to discuss scheduling in Case Nos. 20-1713 ("Thales 20-1713 case") and 20-1709 ("Thales 20-1709 case").  *See* D.I. 110-12.

      Thales is a unique party among the various defendants in certain related cases (namely, Telit, Thales and Quectel) because Thales submitted multiple sworn declarations stating that, regardless of any determination of validity and infringement, it would accept Philips' FRAND offers for Philips' worldwide portfolio of standard essential patents upon a FRAND determination/confirmation by this Court.  *See* D.I. 19-01, ¶6 & D.I. 24 ¶4.  Thales repeated this commitment through its counsel, both to this Court and to the Federal Circuit in Thales' appeal of this Court's order denying Thales' motion for preliminary injunction.  Subsequently, the ALJ in the ITC case between the parties found that "Philips' numerous offers to Thales were all within the FRAND range," yet Thales continues to implement the portfolio without a license.  See 337-TA-1240, Recommended Determination on Remedy and Bonding at 28-29 (2022) (attached as Ex. F to D.I. 70 in Telit 20-1708 case).

**Young Conaway Stargatt & Taylor, LLP**
Rodney Square | 1000 North King Street | Wilmington, DE 19801
P   302.571.6600    F   302.571.1253    YoungConaway.com

Young Conaway Stargatt & Taylor, LLP
The Honorable Colm F. Connolly
February 17, 2023
Page 2

Thales then notified this Court back in October of 2022 that the ITC investigation had concluded (D.I. 108), and both Thales and Philips notified the Court in December of 2022 that they are available for a status conference to discuss the schedule (D.I. 110; D.I. 111).  However, on December 30, 2022, Telit IoT Solutions, Inc. and Telit Communications LTD (collectively "Telit") submitted their own letter which suggested that Thales may be trying to renege on its prior commitments.  For this reason, and because no status conference has yet been scheduled, Philips respectfully submits this response to Telit's letter (D.I. 112).

Telit is arguing that: (1) "[t]here would … be no reason to determine a FRAND rate for patents found to be unenforceable" (*id.* at 3); and (2) Philips is attempting to "avoid" a ruling on the enforceability of patents asserted in Civil Action No. 20-1708 ("Telit 20-1708 case") by requesting the entry of a schedule in the above case (*id.* at 2).  Both of those arguments are incorrect.

As to the first argument, Telit is incorrect because ***the issue of FRAND in relation to Philips' prior offers will have to be decided for Thales no matter the outcome of the first phase of the Telit 20-1708 case***.  This is because, as explained above, unlike Telit, Thales has provided an unconditional commitment to this Court that it will execute and abide by a license to Philips' worldwide portfolio of standard essential patents on FRAND terms.  *See, e.g.,* D.I. 21 at 19-20 (stating that Thales is "unequivocally pledging to take a license on [] FRAND terms," and arguing that "Philips is guaranteed to obtain FRAND royalties…"); D.I. 19-01, ¶6 & D.I. 24, ¶4 (Declarations of Mr. Antonitsch); Hr'g Tr. in Thales 20-1713 case, dated May 21, 2021, at 90-96.[1]  In other words, Telit's argument is

---

[1] Thales continued to reiterate its commitment during Federal Circuit briefing.  For example, Thales stated in its Federal Circuit opening brief: "And although Thales has reserved the right to challenge the validity and infringement of Philips' patents, *see* Appx854 (¶ 6), Thales has repeatedly explained that it preserved this right in order to provide evidence as to the strength and value of Philips' SEP portfolio to inform the district court's FRAND adjudication. Appx94 (94:9-17); Appx95-97 (95:22-97:2). Contrary to Philips' half-hearted suggestion, therefore, **Thales has not conditioned its willingness to enter into a license on validity and infringement determinations**. Appx93 (93:22- 25); Appx94 (94:9-17); Appx95-97 (95:22-97:2)." Thales Opening Federal Circuit Br., No. 2021-

Young Conaway Stargatt & Taylor, LLP
The Honorable Colm F. Connolly
February 17, 2023
Page 3

wrong because Thales and Philips are not asking the Court to determine the FRAND rate for specific patents; rather, they are asking the Court to determine that Philips' prior offers were FRAND and award a proper FRAND payment commensurate with such offers for **Philips' entire worldwide portfolio**. Having committed to take a license to Philips' worldwide patent portfolio amounting to over 1000 patents from various countries regardless of the infringement or validity of the 10 patents-in-suit in the Thales 20-1709 and 20-1713 cases, there is no justification for Thales' attempt (made through Telit, which nonetheless purports to be a third party) to further delay these proceedings.

Telit's second argument is unavailing for the same reason; a FRAND trial will occur in the Thales cases regardless of any ruling made in the Telit 20-1708 case on enforceability of the patents-in-suit. But, in any event, Telit's second argument is also incorrect because Philips is not seeking for this case to proceed ahead of the schedule in the Telit 20-1708 case. Philips is merely asking the Court to enter a schedule in this case toward resolving the issue of whether Philips' offers to Thales were FRAND and enter an appropriate FRAND award. *See* D.I. 110 at 2. While Thales has refused to discuss specifics on scheduling, Philips envisions a schedule in the Thales case with deadlines that are many months after the deadlines in the Telit 20-1708 case, where fact discovery has already closed at this point (with the exception of Philips' pending motion to compel).

Philips filed this case and separate cases against defendants Telit and Quectel in December of 2020 – more than two years ago – and this Court has observed that "we have three different tracks" for the cases. *See* 5/2/2022 Tr. at 18. For its part, Thales has not agreed to be bound by the Court's decision in the Telit case regarding Telit's implied waiver defense. Setting a schedule in this case will not "avoid" a ruling on the enforceability of the patents in the Telit 20-1708 case, but rather will allow discovery to finally begin moving forward.

Philips looks forward to resolving Telit's "implied waiver" equitable defense on a complete record in the coming months (several prior cases had incomplete records), as Philips believes that the record clearly establishes that Philips' process

---

2106, dated Aug. 30, 2021, at 27 (citing to Hr'g Tr. in this 20-1713 matter, dated May 21, 2021), (emphasis supplied).

Young Conaway Stargatt & Taylor, LLP
The Honorable Colm F. Connolly
February 17, 2023
Page 4

(which was endorsed by ETSI and was the same as almost all of the other major ETSI contributor companies) of providing a general FRAND declaration followed by supplemental declarations adding specificity was not a breach of the ETSI IPR Policy, much less a behavior that was "so inconsistent with an intent to enforce its rights as to induce a reasonable belief that [Philips' patent rights] have been relinquished." *See Hynix Semiconductor v. Rambus, Inc*. 645 F.3d 1336, 1348 (Fed. Cir. 2011).  In the meantime, Philips respectfully submits that there is no statutory basis to maintain the stay in this Thales case, and that the most efficient next step would be for the Court to set a schedule toward resolving Count V of Philips' Complaint in this case, as well as Counts VII and VIII-IX in the related Thales 20-1709 case.

Respectfully submitted,

*/s/Robert M. Vrana*

Robert M. Vrana (No. 5666)

RMV
cc:  All Counsel of Record (via electronic mail)

30131398.1