

**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

**CHARLOTTE**
CARILLON TOWER

**Adam W. Poff**
P 302.571.6642
apoff@ycst.com

July 8, 2024

**VIA CM/ECF**

The Honorable Colm F. Connolly
United States District Court
 for the District of Delaware
844 King Street
Wilmington, DE 19801

   Re: *Koninklijke Philips N.V. v. Thales DIS AIS USA LLC, et al.,*
     C.A. Nos. 20-1709-CFC & 20-1713-CFC
     The Court's June 25, 2024 Order (D.I. 220)

Dear Chief Judge Connolly:

  The parties submit this letter in response to the Court's June 25, 2024 Order
(C.A. No. 20-1709-CFC, D.I. 220), which directed the parties to address whether
and if so, how any pending motion is affected by the Court's Memorandum Order
(D.I. 220) setting the time period for which the jury will be asked to determine the
FRAND licensing terms for Philips' patents as February 16, 2016 through August
2028.

  **Philips' Preservation of Rights**: Before addressing the affected motions and
for the sole purpose of making a clear record and preserving the issue for appeal,
Philips hereby formally objects to the Court's Order (D.I. 220 in 1709 case; D.I. 259
in 1713 case) on the following grounds. First, Philips objects to the Order because
it was entered without an opportunity for briefing from the parties, with the Court
having requested only the parties' positions on the time period without support for
those positions. Second, Philips objects to the Order because it selects a date that is
not consistent with or supported by anything in the ETSI IPR Policy (where the
"FRAND" commitment arises), any French law interpreting the ETSI IPR Policy

**Young Conaway Stargatt & Taylor, LLP**
Rodney Square | 1000 North King Street | Wilmington, DE 19801
P  302.571.6600    F  302.571.1253    YoungConaway.com

Young Conaway Stargatt & Taylor, LLP
July 8, 2024
Page 2

(which has a French law provision in it), nor any of the expert opinion testimony that has been set forth in expert reports in this case (but which Philips has been unable to provide the Court, with no briefing having been ordered on the matter). The Order cites no legal authority to support a ruling that the time period for royalties owed on a FRAND license for patents declared essential to ETSI begins on the first date a formal written license offer is made by the patent holder to the licensee.[1] Third, Philips objects to the Order because, as referenced below with respect to Philips Motion in Limine No. 2, Thales never disclosed in contention interrogatory responses or expert reports that the time period would begin at any date later than December 11, 2015, and thus the Order identifies a date later than even the latest date Thales had argued for prior to the Letter. Fourth, Philips objects because, as Philips has previously explained, other decisions support that the time period should go back to when unlicensed use began. *See* D.I. 210, 1713 case, at 10-11 (citing *TCL Commun. Tech. Holdings, Ltd. v. Telefonaktiebolaget LM Ericsson*, 2017 WL 6611635, *5-8 (C.D. Cal. Dec. 21, 2017); *Interdigital Tech. Corp. v. Lenovo Grp. Ltd.*, [2023] EWHC 539 (Pat), ¶ ¶528-29 (U.K. March 16, 2023)).

**Thales' Response to "Philips' Preservation of Rights"**: Philips' "Preservation of Rights" is essentially a motion for reargument. In any event, Thales disagrees with many of Philips' statements, including that the parties have not briefed the issue of limitations on the FRAND period. Briefing on Thales' summary judgment motions on that issue (which included Philips' arguments regarding the ETSI IPR Policy and Philips' reliance on *TCL* and *Interdigital*) prompted the Court's

---

[1] While the Order does not state so explicitly, Philips' understanding of the phrase, "the time period (or periods) for which the jury will be asked to determine FRAND licensing terms," is that the Court has ruled that under the FRAND license being determined, the Court will inform the jury that Thales owes money to Philips for sales of Thales' products for only the past period of February 16, 2016 – August 11, 2024 and the future four year period of August 12, 2024 – August 12, 2028, with the implication that the jury is not making any determination as to any money Thales might owe for sales prior to February 16, 2016. (There is some uncertainty in the term "time period" because in practice, a license can have an effective five year "period" of, for example, June 1, 2020 to June 1, 2025, because it is signed on June 1, 2020, yet contain a clause providing that a lump sum dollar amount is also compensating for a period of past use of patents before the June 1, 2020 start date. Philips' understanding is that this is not the Court's intended meaning.)

Young Conaway Stargatt & Taylor, LLP
July 8, 2024
Page 3

request for the parties to further confer on the time period for which the jury will be asked to determine the terms for a FRAND license. Philips does not point to anything in the ETSI IPR Policy or in French or U.S. law stating that there are no limitations on the period for recovery of royalties. The cited section of the *TCL* case does not address the issue. With no support in U.S. or French law, Philips cites an irrelevant UK case.[2]   Moreover, Philips' expert Dr. Teece recognized that implementers can use SEPs without payment unless and until the SEP owner puts the infringer on notice and starts license negotiations. D.I. 219, 1713 case, at Ex. L ¶ 146. Here, Philips intentionally waited six years to approach Thales and 11 years before it brought its claims – "until a significant market developed." There is every reason to conclude that its actions limit the term of a FRAND license.

**Philips' Response to "Thales' Response to 'Philips' Preservation of Rights'"**: First, as explicitly stated, Philips is not making a motion for re-argument. Second, nowhere is Philips stating, nor has the Court stated, that the issue of "the time period for which the jury will be asked to determine FRAND licensing terms" is the same as the issue raised in Thales' summary judgment motions (which the Court denied), and therefore Thales' contention that this issue has been briefed is incorrect. Third, it is Thales, not Philips, that has failed to point to anything in the ETSI IPR Policy or in French law to support a position that a FRAND royalty includes a limitations period. Dr. Teece and Philips' other experts can explain why there is no limitations period applied to a FRAND license determined by a jury. *See, e.g.*, D.I. 219, Ex. M, ¶¶97-104; *id.*, Ex. J, ¶¶4-26; *id.*, Ex. V, ¶76, ¶¶100-05, ¶112; D.I. 184, Ex. 1, ¶¶38-44, ¶¶72-74; *id.*, Ex. 2, ¶¶13-15.

**Mooting of Pending Motions**:

The following pending motions are mooted in whole or in part while the other motions are not affected.

Thales' Daubert Motion No. 3. Thales has moved to preclude Mr. Stasik from offering opinions on the applicability of U.S. and foreign law, including his opinion

---

[2] As Philips' expert Mr. Stasik recognized, "the FRAND terms and conditions [actually] concluded by the [*Interdigita*l] court…effectively result in a 100% discount on past sales of Lenovo compared to what InterDigital was seeking…." https://www.linkedin.com/pulse/interview-eric-stasik-ewhc-interdigital-vs-lenovo-jean-claude/ (last visited July 5, 2024).

Young Conaway Stargatt & Taylor, LLP
July 8, 2024
Page 4

that the limitation periods on recovery of patent damages do not apply in a FRAND negotiation. D.I. 141. To the extent that this motion was directed at Mr. Stasik's opinions any applicability of limitation periods under U.S. and foreign law to FRAND negotiations, the Court's June 25 Order setting the period for which licensing terms will be determined moots the motion. Other aspects of the motion directed at Thales' contention as to Mr. Stasik's alleged opinions about foreign law are not moot.

      <u>Thales' Daubert Motion No. 4</u>. Thales has moved to preclude Philips' expert Dirk Weiler from offering opinions based on legal conclusions and speculation. D.I. 146. To the extent that this motion was directed to Mr. Weiler's opinions regarding the applicability of laws limiting recovery for patent infringement to the interpretation of the ETSI IPR Policy, the Court's June 25 Order moots the motion. Other aspects of the motion directed at Thales' contention as to Mr. Weiler's alleged opinions about foreign law or allegedly speculating about what ETSI members would have agreed to are not moot.

      <u>Thales' MIL No. 3</u>. Thales has served (but not yet filed) a motion in limine to preclude Philips from offering testimony to the jury concerning foreign law, including calling Professor Borghetti to offer opinions on French law. Philips has confirmed it will not call Professor Borghetti to testify at trial.

            **Philips' position:** The motion is moot. To the extent Thales contends the motion relates to anything other than Professor Borghetti, the motion may not be considered moot by Thales, but the motion has not cited anything other than Professor Borghetti's analysis. Philips' position is that it is therefore moot.

            **Thales' position:** To the extent that Philips intends to submit any evidence to the jury relating to foreign law, the motion is not moot.

      <u>Philips' MIL No. 1</u>. Philips has served (but not yet filed) a motion in limine to exclude Thales from arguing that royalties for past sales should be limited by the French statute of limitations.

            **Philips' position:** Presuming that Thales will not make any argument or offer any evidence concerning the French statute of limitations or other related time period limitation, Philips' MIL No. 1 is moot. Philips

Young Conaway Stargatt & Taylor, LLP
July 8, 2024
Page 5

further notes that if Thales does intend to argue that the period for royalties to be calculated begins later than February of 2016 based on the French statute of limitations or other undisclosed contention, the motion is not moot.

**Thales' position:**  Thales agrees this issue is moot.  Thales does not intend to refer to the French statute of limitations unless Philips opens the door on that issue.

<u>Philips' MIL No. 2</u>.  Philips has served (but not yet filed) a motion in limine to exclude Thales from arguing that the time period for royalty calculation should begin later than December 11, 2015.

**Philips' position:** MIL No. 2 was referenced by Philips previously in footnote 2 of the Letter to the Court Concerning the Time Period, dated June 17, 2024 (D.I. 218, 1709 case) ("Letter").  In MIL No. 2, Philips argues that Thales had never disclosed in contention interrogatory responses nor in expert reports that the time period for FRAND royalties should begin at a date later than December 11, 2015, and therefore Thales should be precluded from arguing – as it has done in recent attorney conversations and in the Letter – that the time period begins at any date later than December 11, 2015.  As Philips sets forth separately, it disagrees with and objects to the Court's Order for both this reason and various others.  In Philips' view, it is difficult to understand whether the motion is moot or not because the Court's Order choosing the February 16, 2016 date as the beginning of the time period did not address whether or not Thales waived its arguments as to the time period beginning on any dates after December 11, 2015.  To the extent the Court believes it has considered that Philips argument already, by virtue of reading footnote 2 of the Letter, the motion would be moot.  Otherwise, it would not be moot.  Furthermore, to the extent that Thales will seek to argue or offer evidence that royalties should not begin accruing until a date later than February 16, 2016 (even though the time period for a license begins on February 16, 2016, under the Court's Order), Philips' MIL No. 2 is not moot.

**Thales' position:** The Court's June 25 Order setting the beginning of the FRAND license term moots Philips' MIL No. 2. Thales does not

Young Conaway Stargatt & Taylor, LLP
July 8, 2024
Page 6

intend to refer to the French statute of limitations unless Philips opens the door on that issue.

Respectfully,

*/s/ Adam W. Poff*

Adam W. Poff (No. 3990)

cc: All Counsel of Record (Via E-Mail)